[No. A125298. First Dist., Div. Four. Nov. 12, 2010.]

REYNALDO ABAYA et al., Plaintiffs and Respondents, v.
SPANISH RANCH I, L.P., et al., Defendants and Appellants.

COUNSEL

Gray•Duffy, John Duffy, Frank J. Ozello and Brian M. Plessala for Defendants and Appellants.

Hart, King & Coldren, Robert S. Coldren, Robert G. Williamson; Carlson, Calladine & Peterson and Asim Desai for Plaintiffs and Respondents Tarrant Bell Property, LLC and Monterey Coast, L.P.

Endeman, Lincoln, Turek & Heater, Henry E. Heater, James Allen and Linda B. Reich for Plaintiffs and Respondents.

## OPINION

**SEPULVEDA, J.**—Numerous residents of a mobilehome park sued the current and former owners of the facility where they live alleging substandard conditions. Defendants moved to compel arbitration or, in the alternative, judicial reference under an alternative dispute resolution (ADR) provision contained in the leases of many, but not all, residents. In separate orders, the court denied arbitration and judicial reference. The denial was based on several grounds. Pertinent here, the court found that enforcement of the ADR provision risked conflicting rulings on common issues of law and fact by sending the claims of some residents to arbitration or reference, while others remained in the civil court for resolution.

Defendants challenged the denial of judicial reference in petitions for writs of mandate, and challenged the denial of arbitration in this appeal. The petitions for writs of mandate reached us first, and presented the question of whether a trial court has discretion to deny a motion under Code of Civil Procedure section 638 to refer a dispute to a referee under a predispute agreement of the parties where there is the possibility of conflicting rulings on a common issue of law or fact. We answered in the affirmative, and our determination of that issue is now under review. (*Tarrant Bell Property, LLC v. Superior Court* (2009) 179 Cal.App.4th 1283 [102 Cal.Rptr.3d 235], review granted Feb. 18, 2010, S179378.) Having concluded that a trial court does have discretion to deny judicial reference in an appropriate case, we also evaluated the facts presented in the parties' dispute and concluded that the court did not abuse its discretion in refusing to refer the parties' dispute to a referee. (*Ibid.*)

We are now presented with a related issue. Unlike the dispute over the scope of a trial court's power to deny judicial reference, the parties are agreed that the trial court is vested with discretion to deny arbitration where there is the possibility of conflicting rulings on a common issue of law or fact. (Code Civ. Proc., § 1281.2, subd. (c).) But defendants argue that the court erred in finding a possibility of conflicting rulings. We conclude, as we did on the issue of judicial reference, that the court did not err in finding the possibility of conflicting rulings. We affirm the court's order denying defendants' motion to compel arbitration.

### I. FACTS[1]

Spanish Ranch I Mobile Home Park (the Park) is a 50-acre Hayward facility with 462 sites or spaces. In October 2008, 120 current and former

---

[1] The statement of facts is, in substantial part, a repetition of facts previously summarized in our writ review of a related order. (*Tarrant Bell Property, LLC v. Superior Court, supra*, 179 Cal.App.4th 1283, review granted Feb. 18, 2010, S179378.)

residents of the Park sued the Park owners upon allegations that the owners failed to properly maintain the common areas and facilities within the Park. Defendant Monterey Coast, L.P., is the current owner, and defendants Tarrant Bell Property, LLC, and Spanish Ranch I, L.P., are former owners.

In December 2008, defendants moved to compel arbitration or, in the alternative, judicial reference. (Code Civ. Proc., §§ 638, 1281.2.) Many of the plaintiffs had signed Park leases containing an ADR provision. The parties dispute the exact number of plaintiffs subject to an ADR lease provision. Defendants put the number at 99 or 100 while plaintiffs say 89.[2] The exact number is not important here. It is sufficient to note that many, but not all, of the plaintiffs agreed to submit tenant disputes to ADR.

There were several standard form leases used over the years at the Park, with slight variation in the ADR provisions, but those differences are not material to this appeal. In substance, the leases state that it is agreed that any tenancy dispute (with major exceptions for actions by the Park owner) shall be submitted to arbitration conducted under the provisions of Code of Civil Procedure section 1280 et seq. " 'Dispute' " is defined to include claims regarding "maintenance, condition, nature, or extent of the facilities, improvements, services, and utilities provided to the space, park, or common areas of the park."[3] The leases further state: "If these arbitration[] provisions are held unenforceable for any reason it is agreed that all arbitrable issues in any judicial proceeding will be subject to and referred on motion by any party or the court for hearing and decision by a referee (a retired judge or other person appointed by the court) as provided by California law, including Code of Civil Procedure section 638, et seq." (Underscoring omitted.) Costs for the arbitration or reference "shall be advanced equally" between the tenant and Park owner.

Plaintiffs opposed the motion to compel arbitration or reference on a number of grounds. Plaintiffs argued that the ADR provision is unenforceable as an invalid waiver of rights protected under the Mobilehome Residency Law and landlord-tenant law. (Civ. Code, §§ 798.77, 798.87, subd. (a), 1953, subd. (a).) Plaintiffs also asserted that the ADR provision is unconscionable

---

[2] In calculating the number of plaintiffs subject to ADR provisions, plaintiffs rely upon party dismissals and a first amended complaint filed after the order to compel arbitration was denied, and ask us to take judicial notice of these documents. We deny the request for judicial notice because the documents are irrelevant to this appeal.

[3] The lease arbitration and reference clauses are typed in all capital letters. We do not follow that capitalization scheme when quoting those clauses here.

because it exploits the weak bargaining position of mobilehome residents and requires ADR of the residents' disputes while exempting unlawful detainer and other Park owner actions from ADR. Finally, plaintiffs urged the court to refuse enforcement of the ADR provision because its enforcement risked conflicting rulings on common issues of law and fact by sending the claims of some Park residents to arbitration or reference while others remained in the civil court for resolution.

In March 2009, the court denied defendants' motion to compel arbitration on two grounds: (1) the Mobilehome Residency Law precludes waiver of a resident's right to bring a civil action for a park's improper maintenance of the common facilities (Civ. Code, §§ 798.77, 798.87, subd. (a)); and (2) there is the risk of inconsistent rulings on common issues (Code Civ. Proc., § 1281.2, subd. (c)). It will be recalled that the lease provided alternative forms of ADR: arbitration preferentially, but reference if the "arbitration[] provisions are held unenforceable for any reason." The court, having held the arbitration provisions unenforceable, was asked by defendants to compel reference.

The court received supplemental briefing on defendants' alternative request for reference and, in May 2009, denied that request as well. The court found that sending some of the plaintiffs to a referee while others remained in the superior court risked inconsistent rulings. The court also found that splitting the action would defeat the purposes of the reference statute by duplicating efforts and increasing costs.

Defendants appealed the trial court's March 2009 order denying their motion to compel arbitration, and that appeal is now before us. (Code Civ. Proc., § 1294, subd. (a).) Defendants also filed petitions for a writ of mandate to vacate the court's May 2009 order denying their alternative motion to compel reference. As noted above, the writ petitions reached us first, and presented the question of whether a trial court has discretion to deny a motion under Code of Civil Procedure section 638 to refer a dispute to a referee under a predispute agreement of the parties. We answered in the affirmative, and found no abuse of discretion in the court's refusal to refer the parties' dispute to a referee given the possibility of conflicting rulings on a common issue of law or fact. (*Tarrant Bell Property, LLC v. Superior Court, supra*, 179 Cal.App.4th 1283, review granted Feb. 18, 2010, S179378.)

We now confront a related issue in this appeal of the order denying arbitration. Unlike the dispute over the scope of a trial court's power to deny

judicial reference, the parties are agreed that the trial court is vested with discretion to deny arbitration where there is the possibility of conflicting rulings on a common issue of law or fact. (Code Civ. Proc., § 1281.2, subd. (c).) But defendants claim that the court erred in finding a possibility of conflicting rulings. We turn to a discussion of that claim.

## II. DISCUSSION

As noted above, many of the plaintiff Park residents agreed to submit tenant disputes to arbitration but some did not. The court concluded that sending the claims of some residents to arbitration, while others remained in the civil court for resolution, risked inconsistent rulings on common issues (such as liability). We review an order denying arbitration pursuant to Code of Civil Procedure section 1281.2, subdivision (c) for an abuse of discretion.[4] (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 340 [79 Cal.Rptr.2d 308, 965 P.2d 1178]; *Best Interiors, Inc. v. Millie & Severson, Inc.* (2008) 161 Cal.App.4th 1320, 1329 [75 Cal.Rptr.3d 1]; *Fitzhugh v. Granada Healthcare & Rehabilitation Center, LLC* (2007) 150 Cal.App.4th 469, 475 [58 Cal.Rptr.3d 585]; *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 101 [284 Cal.Rptr. 255].) Under this deferential standard of review, "the trial court's order will not be disturbed on appeal unless it exceeds the bounds of reason." (*Henry, supra*, at p. 101.) No abuse of discretion appears on this record.[5]

### A. *The arbitration statute*

Section 1281.2 provides in relevant part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] . . . [¶] (c) A party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact."

"If the court determines that a party to the arbitration is also a party to litigation in a pending court action or special proceeding with a third party as

---

[4] All further statutory references are to this code.

[5] Defendants argue that the proper standard is not abuse of discretion but de novo in the absence of any evidentiary conflict. We conclude that the trial court's decision is correct under either standard.

set forth under subdivision (c) herein, the court (1) may refuse to enforce the arbitration agreement and may order intervention or joinder of all parties in a single action or special proceeding; (2) may order intervention or joinder as to all or only certain issues; (3) may order arbitration among the parties who have agreed to arbitration and stay the pending court action or special proceeding pending the outcome of the arbitration proceeding; or (4) may stay arbitration pending the outcome of the court action or special proceeding." (§ 1281.2.)

B. *A trial court may refuse to compel arbitration where a controversy affects claims by other parties not bound by the arbitration agreement and arbitration risks conflicting rulings on common issues of law or fact*

■ "While there is a strong public policy in favor of arbitration, there is an 'equally compelling argument that the Legislature has also authorized trial courts to refuse enforcement of an arbitration agreement [or stay the arbitration] when, as here, there is a possibility of conflicting rulings.' " (*Fitzhugh v. Granada Healthcare & Rehabilitation Center, LLC, supra*, 150 Cal.App.4th at p. 475.) The California Supreme Court has explained that " '[s]ection 1281.2(c) is not a provision designed to limit the rights of parties who choose to arbitrate or otherwise to discourage the use of arbitration. Rather, it is part of California's statutory scheme designed to enforce the parties' arbitration agreements . . . . Section 1281.2(c) addresses the peculiar situation that arises when a controversy also affects claims by or against other parties not bound by the arbitration agreement. The California provision giving the court discretion not to enforce the arbitration agreement under such circumstances—in order to avoid potential inconsistency in outcome as well as duplication of effort—' " is consistent with the policy of encouraging arbitration. (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 393 [25 Cal.Rptr.3d 540, 107 P.3d 217].)

■ The legislative history of section 1281.2 defines the problem the Legislature intended to address: "In actions involving multiple parties with related claims, where some claimants agree to arbitrate their differences and others remain outside the agreement, *arbitration is unworkable.* Where a party to an arbitration agreement is also party to a pending court action or special proceeding, with such a third party, there may be a possibility of conflicting rulings on issues of law or fact." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1628 (1977–1978 Reg. Sess.) p. 2, italics added.)

C. *The trial court properly denied defendants' motion to compel arbitration because sending the claims of some plaintiff residents to arbitration while others remained in the civil court for resolution risked conflicting rulings on common issues of law or fact*

■ The trial court here properly concluded that the action involved common issues of law and fact. Defendant Park owners were parties to arbitration agreements with 89 to 100 residents that covered claims relating to defendants' alleged failure to maintain the Park's common facilities, as well as parties to a lawsuit by 20 to 31 residents that alleged the same claims. All plaintiff residents alleged that various common facilities at the Park were inadequately maintained, in violation of statutory provisions and the common law. In support of their multiple legal theories for nuisance, breach of the warranty of habitability and related claims, plaintiffs alleged in their complaint that defendants failed to "maintain the Park's common areas, facilities, services, and physical improvements in good working order and condition," including the sewer system, water system, drainage system, electrical system, and street system, and that they refused to fix these problems. Whether the common areas, facilities, services and improvements were adequately maintained, and whether any maintenance deficiencies violated any of the alleged statutory or common law rights of plaintiffs, presented common questions of law and fact. Plaintiffs' requested declaratory and injunctive relief likewise presented common questions. Resolution of those common questions in different forums presented the possibility of inconsistent rulings on those issues. For example, in an arbitration the arbitrator might determine that defendants did not fail to maintain the common facilities and deny relief to plaintiffs, while a trial court might reach a contrary finding and permit recovery by those plaintiffs not subject to an arbitration agreement. Because plaintiffs in court might recover for their alleged injuries based on the same conditions of the Park for which arbitrating plaintiffs might be denied relief—or vice versa—the possibility of conflicting rulings on issues of law or fact plainly existed.

■ Defendants argue that the trial court erred in relying upon plaintiffs' complaint to find the possibility of conflicting rulings. Defendants insist that plaintiffs were required to make an evidentiary showing and that, having failed to do so, could not avoid enforcement of the arbitration provisions. Defendants rely upon *Segal v. Silberstein* (2007) 156 Cal.App.4th 627, 633 [67 Cal.Rptr.3d 426], which states: "Section 1281.2 creates a summary proceeding for determining whether the parties should be ordered to arbitrate. The petitioner bears the burden of proving the existence of a valid arbitration

agreement by a preponderance of the evidence. The opposing party must meet the same evidentiary burden to prove facts necessary to its defense." This principle has been applied to questions concerning the existence and scope of an arbitration agreement. (E.g., *American Federation of State, County & Municipal Employees v. Metropolitan Water Dist.* (2005) 126 Cal.App.4th 247, 257 [24 Cal.Rptr.3d 285].) But the imposition of an evidentiary burden has not been applied, and we would find it difficult to apply, to the portion of section 1281.2, subdivision (c) requiring that the trial court find the "possibility" of conflicting rulings on legal or factual issues. Indeed, courts have routinely relied on the allegations contained in the operative pleading to determine whether there is the possibility of conflicting rulings within the meaning of section 1281.2, subdivision (c). (E.g., *Best Interiors, Inc. v. Millie & Severson, Inc., supra,* 161 Cal.App.4th at p. 1330 [relying on the plaintiff's "allegation" and "claims" to find the possibility of conflicting rulings on agency and ratification]; *Fitzhugh v. Granada Healthcare & Rehabilitation Center, LLC, supra,* 150 Cal.App.4th at pp. 475–476 [finding the possibility of conflicting rulings on the basis of the inclusion of a claim alleging a violation of Patients' Bill of Rights contained in tit. 22, § 72527 of the Cal. Code Regs.]; *C. V. Starr & Co. v. Boston Reinsurance Corp.* (1987) 190 Cal.App.3d 1637, 1641 [236 Cal.Rptr. 167] [explaining that "[t]he very nature of the controversy here fully supports the trial court's decision . . ." to deny a motion to compel pursuant to § 1281.2, subd. (c)].) We construe this authority as supporting the trial court's reliance on the allegations of the complaint to determine that there was a possibility of conflicting rulings if defendants' motion to compel arbitration were granted.

■ The trial court properly concluded that the action involved common issues of law and fact. "The existence of this possibility of conflicting rulings on a common issue of fact is sufficient grounds . . ." to deny a motion to compel pursuant to section 1281.2, subdivision (c). (*Henry v. Alcove Investment, Inc., supra,* 233 Cal.App.3d at p. 101.) Of course, the trial court could have addressed the possibility of conflicting rulings by other means, for example, by ordering arbitration among defendants and the many plaintiffs who agreed to arbitration and staying the court action pending the outcome of the arbitration proceeding. (§ 1281.2.) The court did not do so here, and defendants have not argued on appeal that the court abused its discretion in choosing among the alternative means of addressing the situation. Defendants' argument is that the court erred in finding that there was any possibility of conflicting rulings on common issues of law or fact. We reject that argument.

## III.   DISPOSITION

The order is affirmed.

Ruvolo, P. J., and Rivera, J., concurred.