Filed 12/10/13  Serrano Management v. South Bay Hosp. Management CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SERRANO MANAGEMENT GROUP et al., | B243366 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC479025) |
| v. | |
| SOUTH BAY HOSPITAL MANAGEMENT CO., LLC, et al., | |
| Defendants and Appellants. | |

APPEALS from an order of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Affirmed.

Greenwald, Pauly, Foster & Miller, Andrew S. Pauly and Jeffrey J. Lewis for Defendant and Appellant South Bay Hospital Management Co., LLC.

Parker Shumaker Mills, David B. Parker, Gina A. Leago and Theodore W. Frank for Defendants and Appellants S & W Health Management Services, Inc., and Beryl Weiner.

Law Offices of Thomas G. Gehring & Associates and Thomas G. Gehring for Defendants and Appellants Southern California Vital Solutions, Inc., and Glenn Marshak.

Sparks Law Firm and Jerry R. Sparks for Plaintiffs and Respondents.

South Bay Hospital Management Co., LLC (South Bay), and other defendants (collectively Defendants) appeal an order denying their motion to compel the arbitration of a complaint by Serrano Management Group (Serrano) and Arthur Gerrick (collectively Plaintiffs). South Bay and Gerrick are parties to an arbitration agreement, but Serrano is not a party to the agreement. The trial court found that Serrano as a nonparty to the agreement could not be compelled to arbitrate and that, pursuant to Code of Civil Procedure section 1281.2, subdivision (c), Gerrick should not be compelled to arbitrate because of a possibility of conflicting rulings if Serrano's claims were litigated in court and Gerrick's claims were resolved in arbitration.[1]

Defendants contend Serrano should be compelled to arbitrate its claims against them because Serrano and Gerrick are alter egos and jointly allege some of the same counts, and Gerrick should be compelled to arbitrate because he failed to establish grounds for an exception under section 1281.2, subdivision (c) to his contractual obligation to arbitrate. We conclude that the denial of the motion to compel arbitration was proper as to both the counts alleged by Serrano and the counts alleged by Gerrick. We therefore will affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Parties*

Gardens Regional Hospital and Medical Center, Inc., dba Tri-City Medical Center (Tri-City) owns and operates a hospital in Hawaiian Gardens, California.

---

[1] All statutory references are to the Code of Civil Procedure unless stated otherwise.

2

Gerrick served as Tri-City's president and chief executive officer from February 1997 until November 2010.

South Bay was formed in October 2004 and is owned by its members, Serrano, S & W Health Management Services, Inc. (S&W), and Vital Solutions, Inc. Gerrick is Serrano's sole owner, officer and director. Beryl Weiner is owner and president of S&W, and Glenn Marshak is owner and president of Vital.

2. *Operating Agreement, Management Services Agreement and Employment Agreement*

South Bay's members entered into an operating agreement in November 2004, including a provision requiring the quarterly distribution of any cash available after payment of expenses and a reserve. Tri-City and South Bay then entered into a management services agreement in which South Bay agreed to provide key personnel to Tri-City, including Gerrick, and Tri-City agreed to pay South Bay a monthly management fee. The agreement provided that Gerrick was an employee of South Bay, although he worked for Tri-City.

South Bay, Tri-City and Gerrick entered into an Employment At-Will and Mandatory Arbitration Agreement Between Employee and South Bay dated February 27, 2006. The agreement stated that they "agree[d] that any claim, dispute, and/or controversy that either Employee [Gerrick] may have against South Bay or Tri-City (or its members, directors, officers, managers, employees, contractors, and parties affiliated with its employee benefit and health plans) or South Bay or Tri-City may have against Employee, arising from, related to, or having any relationship or

3

connection whatsoever with Employee seeking employment with, or Employee's employment by, or other association with South Bay and/or Tri-City, shall be submitted to and determined exclusively by binding arbitration . . . . " It also stated that the arbitration agreement did not "prevent either South Bay or [Gerrick] from seeking equitable relief, including but not limited to injunctive relief, from a court of competent jurisdiction." Gerrick executed the agreement individually, on behalf of South Bay and on behalf of Tri-City.

3. *Investigation, Administrative Leave, Termination and Arbitration Demand*

South Bay and Tri-City began an investigation in the fall of 2010 of Gerrick's alleged misconduct. Tri-City placed him on administrative leave from his positions as its president and chief executive officer in November 2010. S&W and Vital also removed Serrano as a manager of South Bay in November 2010. Tri-City removed Gerrick as its president and chief executive officer in April 2011 and stated in a letter to Gerrick that the investigation had revealed evidence that he had mistreated medical center employees and created a hostile work environment; used medical center assets for his personal benefit and the benefit of his friends and family; obtained payment or reimbursement from the medical center for his personal expenses; caused the medical center to create new positions for and hire his friends and family, who were not qualified for those positions and did not regularly report to work; sought and received kickbacks from vendors and members of the medical staff; and committed other alleged misconduct.

4

South Bay notified Gerrick in a letter dated April 18, 2011, that his employment with South Bay was terminated. Tri-City demanded restitution from Gerrick in excess of $3,335,000 in June 2011.

South Bay served Gerrick with a demand for arbitration in February 2012, stating that it sought to arbitrate claims against him for breach of fiduciary duty and other misconduct pursuant to the arbitration agreement. Gerrick did not formally respond to the demand, and instead initiated this lawsuit.

4.    *Complaint*

Serrano and Gerrick commenced this action by filing a complaint against South Bay, S&W, Vital, Weiner and Marshak in February 2012. Plaintiffs allege that the members of Tri-City's board of directors were not appointed in accordance with its bylaws and that Weiner selected directors over whom he could exercise control. They allege that Weiner, an attorney, has provided legal services to Tri-City and that he retaliated against Gerrick for expressing concerns regarding Weiner's legal fees billed to Tri-City. They allege that S&W is Weiner's alter ego and Vital is Marshak's alter ego.

Plaintiffs allege that S&W and Vital excluded Serrano from South Bay's management in November 2010, that South Bay commenced an investigation of Gerrick at or about that time and that South Bay suspended Gerrick without pay and failed to pay his "final paycheck," all in retaliation for Gerrick's expressing his concerns to Tri-City's board of directors. Plaintiffs also allege that the board of directors failed to investigate Weiner's conflicts of interest with Tri-City despite being informed of them.

5

Plaintiffs further allege that South Bay failed to make cash distributions to Serrano as required under the terms of the South Bay operating agreement at any time after November 2010, while making substantial payments to S&W and Vital disguised as consulting fees and other payments. They allege that South Bay has failed to allow Serrano to inspect its books and records upon request, as required, and that S&W has formed another entity to provide services to Tri-City in direct competition with South Bay.

Plaintiffs allege counts for (1) refusal to make distributions due under the terms of the South Bay operating agreement (by both plaintiffs against all defendants); (2) breach of fiduciary duty (by both plaintiffs against all defendants); (3) accounting (by both plaintiffs against all defendants); (4) failure to pay wages due upon termination of employment (Lab. Code, §§ 201, 202, 203), by Gerrick against South Bay; (5) failure to provide itemized wage statements (*id.*, § 226, subd. (a)) (by Gerrick against South Bay); and (6) unfair business practices (Bus. & Prof. Code, § 17200 et seq.) (by both plaintiffs against all defendants). They seek money damages, statutory penalties, restitution, disgorgement, an injunction and an accounting.

Serrano also filed a separate action against South Bay in February 2012 seeking the dissolution of South Bay (Super. Ct. L.A. County, No. BC479071). The trial court ordered that the two cases were "related." Tri-City filed a separate action against

6

Gerrick and others in September 2013 alleging counts against Gerrick for breach of fiduciary duty and conversion (Super. Ct. L.A. County, No. BC521605).[2]

5. *Motion to Compel Arbitration*

South Bay moved to compel both plaintiffs to arbitrate all counts alleged in their complaint and all claims by South Bay against Gerrick as set forth in South Bay's prior demand for arbitration. South Bay argued that all counts alleged in the complaint arise from, relate to and have a relationship with Gerrick's employment or other association with South Bay and/or Tri-City and therefore are subject to mandatory arbitration under the terms of the arbitration agreement. South Bay also argued that Plaintiffs had disregarded any distinction between Gerrick and Serrano by alleging identical counts on behalf of both plaintiffs, and that this and the close or alter ego relationship between Gerrick and Serrano justified compelling Serrano to arbitrate despite the fact that Serrano was not a party to the arbitration agreement. South Bay argued in the alternative that if any claims are not subject to arbitration, the litigation of those claims should be stayed until the completion of the arbitration. South Bay filed declarations by Weiner and attorney Jeffrey Lewis in support of the motion. The other defendants all joined in the motion.

Plaintiffs opposed the motion to compel arbitration arguing that neither plaintiff should be compelled to arbitrate. They argued that Serrano could not be compelled to

---

[2]   We judicially notice the first amended complaint filed by Tri-City on September 19, 2013, in Los Angeles County Superior Court case No. BC521605, although the complaint was filed after trial court's ruling and does not influence our decision.

7

arbitrate because it was not a party to the arbitration agreement. They argued that only Gerrick's fourth and fifth counts fell within the scope of the arbitration agreement and that Labor Code section 229 precluded the compelled arbitration of those counts.[3] They also argued that a provision in South Bay's operating agreement stating that any lawsuit involving a dispute arising under the agreement "may only be brought in the Los Angeles County Court having jurisdiction over the subject matter of the dispute or matter" compelled the conclusion that South Bay and its members had agreed to litigate such disputes in court rather than arbitrate them.

Plaintiffs also argued that the trial court should refuse to compel arbitration pursuant to section 1281.2, subdivision (c) because of a possibility that a ruling in an arbitration between Gerrick and South Bay would conflict with a ruling by the trial court in this action between Serrano and the other defendants. They argued, "Defendants have argued in their Moving Papers that the Complaint arises out of the same series of transactions as the claims for which they seek to compel arbitration. There is consequently a possibility of conflicting rulings on common issues of law or fact if claims are severed and not all tried together in this lawsuit." Plaintiffs also filed evidentiary objections to the Weiner and Lewis declarations.

---

[3]     Labor Code section 229 provides: "Actions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate. This section shall not apply to claims involving any dispute concerning the interpretation or application of any collective bargaining agreement containing such an arbitration agreement."

8

The trial court conducted a hearing on the motion on August 1, 2012.[4] No party requested a statement of decision. The court filed an order on August 11, 2012, stating that Gerrick and South Bay were parties to the arbitration agreement, but Serrano was not. The court stated that, to the contrary, Serrano and the other members of South Bay had expressly agreed to resolve their disputes in the superior court. The court also stated that the relationship between Gerrick and Serrano did not justify compelling Serrano to arbitrate claims that were agreed to be resolved in the superior court, and that Serrano was not a third party beneficiary of the contract between Gerrick and South Bay.

The trial court stated with respect to section 1281.2, subdivision (c): "Here, a party to the arbitration agreement, South Bay, is also a party to a pending court action with a third party, Serrano. While the parties engage in much debate concerning whether the issues of law or fact are related, the Court finds that there is a possibility of conflicting rulings on a common issue of fact or law. The court therefore declines to order any party to arbitrate any controversy in these cases." The court did not rule on Plaintiffs' evidentiary objections.

South Bay timely appealed the order denying the motion to compel arbitration, as did each of the other defendants.[5]

---

[4]     No reporter's transcript of the hearing is included in the appellate record.

[5]     An order denying a motion to compel arbitration is appealable. (§ 1294, subd. (a).)

## *CONTENTIONS*

Defendants contend (1) Serrano should be compelled to arbitrate its claims against them despite the fact that it is not a party to the arbitration agreement; (2) section 1281.2, subdivision (c) is inapplicable and provides no basis to deny the motion to compel arbitration as to Gerrick; and (3) Gerrick should be compelled to arbitrate his claims against all Defendants.

## *DISCUSSION*

### 1. *Legal Framework*

A party to an arbitration agreement can be compelled to arbitrate a controversy that is within the scope of the agreement. A court ruling on a petition to compel arbitration must order the parties to arbitrate a controversy if it finds that a valid agreement to arbitrate the controversy exists, unless it determines that a statutory exception applies. (§ 1281.2; *Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 26.) A statutory exception applies if (1) the petitioner has waived the right to compel arbitration; (2) grounds exist for the revocation (i.e., rescission ) of the agreement; or (3) pending litigation with a third party involving the same transaction or series of related transactions creates a possibility of conflicting rulings on a common issue of law or fact. (§ 1281.2; subds. (a)-(c).)

The third party litigation exception is at issue here. Section 1281.2, subdivision (c) states that a court need not order the parties to an arbitration agreement to arbitrate if it determines that "[1] [a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, [2] arising out of the

10

same transaction or series of related transactions and [3] there is a possibility of conflicting rulings on a common issue of law or fact." If the court so determines, it may refuse to enforce the arbitration agreement and instead order the parties to litigate the dispute in court, among other options. (§ 1281.2, last par.)[6]

As a general rule, a party can be compelled to arbitrate a controversy only if he or she has agreed to resolve such a controversy by arbitration. (*Daniels v. Sunrise Senior Living, Inc.* (2013) 212 Cal.App.4th 674, 680; *Benasra v. Marciano* (2001) 92 Cal.App.4th 987, 990.) The California Arbitration Act (Code Civ. Proc., § 1280 et seq.) "reflects a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' [Citation.]" (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 380.) The strong public policy in favor of arbitration, however, does not support the compelled arbitration of a dispute that a party has not agreed to arbitrate. (*Victoria v. Superior Court* (1985) 40 Cal.3d 734, 744.)

Courts have recognized certain exceptions to the general rule that only a party to an arbitration agreement can be compelled to arbitrate. A nonparty to an arbitration agreement may be bound by the agreement under ordinary principles of contract and

---

[6] "If the court determines that a party to the arbitration is also a party to litigation in a pending court action or special proceeding with a third party as set forth under subdivision (c) herein, the court (1) may refuse to enforce the arbitration agreement and may order intervention or joinder of all parties in a single action or special proceeding; (2) may order intervention or joinder as to all or only certain issues; (3) may order arbitration among the parties who have agreed to arbitration and stay the pending court action or special proceeding pending the outcome of the arbitration proceeding; or (4) may stay arbitration pending the outcome of the court action or special proceeding." (§ 1281.2, last par.)

11

agency law.  (See *Arthur Andersen LLP v. Carlisle* (2009) 556 U.S. 624, 631 [129 S.Ct. 1896, 173 L.Ed.2d 832] [stated with respect to the enforcement of an arbitration agreement by a third party, " 'traditional principals' of state law allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel' [citation]"].)

For example, a nonparty to an arbitration agreement is bound by the agreement and can be compelled to arbitrate a controversy within the scope of the agreement if an agent entered into the agreement on his or her behalf.  (*Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 706-709 [held that a state employee was bound by an arbitration agreement in a group medical plan entered into by a state employees' retirement board as agent for the employees]; *Garrison v. Superior Court* (2005) 132 Cal.App.4th 253, 264-267 [held that the plaintiffs in a wrongful death action were bound by arbitration agreements with a residential care facility entered into by the decedent's attorney in fact under a durable power of attorney].)  An arbitration agreement also may be binding on a nonparty in other circumstances where the nature of the nonparty's relationship with a party to the agreement supports the implied authority of the party to bind the nonparty (*Crowley Maritime Corp. v. Boston Old Colony Ins. Co.* (2008) 158 Cal.App.4th 1061, 1070 [discussing cases where a preexisting relationship "gives the party to the agreement authority to bind the nonsignatory"]; *Matthau v. Superior Court* (2007) 151 Cal.App.4th 593, 600 [stating that an arbitration agreement is binding on a nonparty if a preexisting relationship

12

"supports the implied authority of the party to bind the nonsignatory"]) or where the nonparty is the alter ego of a party to the arbitration agreement (see *Arthur Andersen LLP v. Carlisle*, *supra*, 556 U.S. at p. 631).

2.      *Standard of Review*

The standard of review of an order denying a petition to compel arbitration depends on the particular issue decided.  (*Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425 ["There is no uniform standard of review for evaluating an order denying a motion to compel arbitration"].)  Whether an arbitration agreement applies to a controversy is purely a legal question that we review de novo if the determination does not turn on the resolution of a factual dispute concerning the credibility of extrinsic evidence.  (*Jones v. Jacobson* (2011) 195 Cal.App.4th 1, 12; *California Correctional Peace Officers Assn. v. State of California* (2006) 142 Cal.App.4th 198, 204.)  Similarly, whether a nonparty to an arbitration agreement is bound by the agreement is a question of law to the extent that the determination does not depend on the resolution of a factual dispute.  (Cf. *Rowe v. Exline* (2007) 153 Cal.App.4th 1276, 1283.)

Whether a controversy that is subject to arbitration arises out of the same transaction or series of related transactions as a pending court action or special proceeding is a discretionary decision that we review for abuse of discretion.  (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 349-350 (*Mercury*); *Birl v. Heritage Care LLC* (2009) 172 Cal.App.4th 1313, 1318-1320 (*Birl*).)  We also review for abuse of discretion the trial court's determination that there is a possibility of

13

conflicting rulings on a common issue of law or fact.  (*Mercury*, *supra*, at pp. 349-350; *Metis Development LLC v. Bohacek* (2011) 200 Cal.App.4th 679, 691 (*Metis*); *Abaya v. Spanish Ranch I, L.P.* (2010) 189 Cal.App.4th 1490, 1496, 1498 (*Abaya*); *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 101 (*Henry*); but see *Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 972, [stated that the substantial evidence standard applied to the questions whether the claims arose of out a series of related transactions and whether there was a possibility of conflicting rulings].)

The California Supreme Court in *Mercury*, *supra*, 19 Cal.4th 332, held that the abuse of discretion standard applied to the trial court's ruling effectively denying a motion to compel arbitration.  (*Id.* at p. 349.)  Applying the abuse of discretion standard, *Mercury* concluded that the trial court "could reasonably have determined that the contractual arbitration proceeding and the pending action arose 'out of the same transaction,' " and, "[i]n addition, it could reasonably have determined that 'there [was] a possibility of conflicting rulings on a common issue of law or fact.' "  (*Id.* at p. 350, quoting § 1281.2(c).)  The Courts of Appeal similarly have held that the abuse of discretion standard of review applies to these determinations.  (*Birl*, *supra*, 172 Cal.App.4th at pp. 1318-1320 [arising out of the same transaction]; *Metis*, *supra*, 200 Cal.App.4th at p. 691 [possibility of conflicting rulings]; *Abaya*, *supra*, 189 Cal.App.4th at p. 1496, 1498 [same]; *Henry*, *supra*, 233 Cal.App.3d at p. 101 [same].)

14

"An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] This standard of review affords considerable deference to the trial court provided that the court acted in accordance with the governing rules of law. We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise. [Citations.]" (*Mejia v. City of Los Angeles* (2007) 156 Cal.App.4th 151, 158.)

### 3. *The Denial of the Motion to Compel Arbitration as to Serrano Was Proper*

Defendants contend Serrano, although a nonparty to the arbitration agreement, should be compelled to arbitrate its claims against them because Plaintiffs allege that Serrano is owned and controlled by Gerrick and because Plaintiffs have disregarded any distinction between Serrano and Gerrick by alleging some of the same counts on behalf of both plaintiffs. Defendants argue that these same circumstances also show that Serrano and Gerrick are alter egos and that it would be just and equitable to disregard the corporate form and compel Serrano to arbitrate its claims.

"Ordinarily, a corporation is regarded as a legal entity separate and distinct from its stockholders, officers and directors. Under the alter ego doctrine, however, where a corporation is used by an individual or individuals, or by another corporation, to perpetrate fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, a court may disregard the corporate entity and treat the corporation's acts as if they were done by the persons actually controlling the corporation. [Citations.]

15

"In general, the two requirements for applying the alter ego doctrine are that (1) there is such a unity of interest and ownership between the corporation and the individual or organization controlling it that their separate personalities no longer exist, and (2) failure to disregard the corporate entity would sanction a fraud or promote injustice. [Citations.] The doctrine is applicable where some innocent party attacks the corporate form as an injury to that party's interests. The issue is not so much whether the corporate entity should be disregarded for all purposes or whether its very purpose was to defraud the innocent party, as it is whether in the particular case presented, justice and equity can best be accomplished and fraud and unfairness defeated by disregarding the distinct entity of the corporate form. [Citations.]" (*Communist Party v. 522 Valencia, Inc.* (1995) 35 Cal.App.4th 980, 993.)

In our view, Gerrick's ownership and control of Serrano and the fact that Plaintiffs jointly allege the same count without distinguishing the rights of each plaintiff do not compel the conclusion that Serrano and Gerrick are alter egos or that they are so closely related that Gerrick's consent to arbitrate should be deemed binding on Serrano as well. Moreover, Plaintiffs do not allege, and Defendants presented no evidence, that Gerrick had the express or implied authority to enter into the arbitration agreement on Serrano's behalf. We therefore conclude that the trial court properly held that Serrano is not bound by the arbitration agreement and that the denial of the motion to compel arbitration as to Serrano was proper.

16

4. *The Denial of the Motion to Compel Arbitration as to Gerrick Was Proper*

      a. *The Trial Court Impliedly Found That Serrano's Claims Arise out of the Same Transaction or Series of Related Transactions as Gerrick's Claims*

Defendants contend section 1281.2, subdivision (c) is inapplicable because (1) Serrano's claims do not arise out of the same transaction or series of related transactions as the claims by and between Gerrick and South Bay, and the trial court failed to make any finding on this issue; (2) there is no common issue of fact or law and therefore no possibility of conflicting rulings; and (3) Serrano is not a true "third party" because Serrano and Gerrick are alter egos. We have already rejected the alter ego argument.

The trial court did not expressly find that Serrano's claims in this litigation arose out of the same transaction or series of related transactions as the claims by and between Gerrick and South Bay, but impliedly so found.[7] Absent a statement of decision, we must presume that the trial court resolved all of the principal controverted issues in

---

[7] The trial court stated, "While the parties engage in much debate concerning whether the issues of law or fact are related, the Court finds that there is a possibility of conflicting rulings on a common issue of law or fact. The Court therefore declines to order any party to arbitrate any controversy in these cases." We reject Defendants' argument that this statement shows that the court refused to make any finding on whether the claims arise out of the same transaction or series of related transactions. Instead, we believe that the express finding that there is a possibility of conflicting rulings implies a finding that the claims arise out of the same transaction or series of related transactions.

17

favor of the prevailing party as necessary to support the appealed order.[8]  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134; see Code of Civ. Proc., §§ 632, 634.)  We therefore reject Defendants' contention that the court made no finding on this issue as required to apply the statutory exception, and instead conclude that the court impliedly found that Serrano's claims arose out of the same transaction or series of related transactions as the claims by and between Gerrick and South Bay.

    b.  *The Denial of the Motion to Compel Arbitration as to Gerrick's Distribution Claims Was Proper*

  Gerrick's claims against South Bay for failure to pay wages due, failure to provide itemized wage statements, and unfair business practices based on noncompliance with those statutory obligations (counts four and five and part of count six) relate to earned wages for his employment as Tri-City's president and chief executive officer.  We will refer to these claims as Gerrick's employment claims.  South Bay's claims against Gerrick for breach of fiduciary duty and other misconduct relate to his conduct as president and chief executive officer of Tri-City, and also can be designated employment claims.  Thus, the employment claims by and between Gerrick and South Bay relate to alleged breaches of obligations owed by one to the other arising from Gerrick's employment.

---

[8]  "[U]pon the trial of a question of fact by the court," the court must issue a statement of decision explaining the factual and legal bases for its decision as to the principal controverted issues at trial if timely requested by a party appearing at trial. (§ 632.)  A statement of decision is required upon request not only at trial, but also in connection with an appealable order, such as an order denying a motion to compel arbitration.  (§ 1291; *Metis*, *supra*, 200 Cal.App.4th at p. 689.)  As already noted, no party requested  a statement of decision in this case.

18

Serrano's and Gerrick's claims against South Bay and the other defendants for refusal to make distributions, breach of fiduciary duty, accounting and unfair business practices (counts one, two, three, and part of count six), in contrast, relate to distributions and other payments allegedly made by South Bay to its other members and their owners with no corresponding payments made to Serrano and Gerrick. We will refer to these claims as the distribution claims. The distribution claims do not arise from Gerrick's employment, but instead arise from the South Bay operating agreement to which Serrano is a party but Gerrick is not.

Gerrick and South Bay agreed to arbitrate any dispute between them "arising from, related to, or having any relationship or connection whatsoever with Employee [Gerrick] seeking employment with, or Employee's employment by, or other association with South Bay and/or Tri-City . . . ." We must resolve any doubt as to whether an arbitration agreement applies to a particular dispute in favor of arbitration. (*California Correctional Peace Officers Assn. v. State of California, supra,* 142 Cal.App.4th at p. 205.) We conclude that the broad language of the arbitration agreement encompasses Gerrick's distribution claims against South Bay because those claims arise from his "association with South Bay" as the owner of Serrano, a member of South Bay.

Gerrick, a party to the arbitration agreement, is also a party to this action with Serrano, a third party to the arbitration agreement. This satisfies the first requirement under section 1281.2, subdivision (c) ("[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party"). Gerrick's

19

distribution claims arise out of the same events as Serrano's distribution claims.  They

allege the distribution claims jointly, and their claims are identical.  This satisfies the

second statutory requirement ("arising out of the same transaction or series of related

transactions").  There is a possibility of conflicting rulings on any of the issues

presented for decision with respect to the distribution claims if Gerrick's distribution

claims are resolved in arbitration and Serrano's distribution claims are litigated in court.

This satisfies the third statutory requirement ("there is a possibility of conflicting rulings

on a common issue of law or fact").

Accordingly, we conclude that the trial court reasonably found that the

requirements under section 1281.2, subdivision (c) were satisfied with respect to

Gerrick's and Serrano's distribution claims.  The denial of the motion to compel the

arbitration of Gerrick's distribution claims on this basis therefore was proper.[9]

c.      *The Denial of the Motion to Compel Arbitration as to Gerrick's Employment Claims Was Proper*

Gerrick, a party to the arbitration agreement, is also a party to this action with

Serrano, a third party to the arbitration agreement.  Again, this satisfies the first

requirement under section 1281.2, subdivision (c).

---

[9]      Defendants do not challenge the trial court's decision to refuse to enforce the arbitration agreement as to the distribution claims rather than stay either this action or the arbitration as to those claims (see § 1281.2, final par.).  We therefore will not address the issue.

In light of our conclusion that the trial court properly denied the motion to compel arbitration as to the distribution claims, we need not address the contention that the defendants that are not parties to the arbitration agreement are entitled to enforce the agreement.

Defendants allegedly excluded Serrano and Gerrick from South Bay's management and failed to pay distributions at or about the same time that South Bay suspended Gerrick's employment without pay. The confluence of events and parties suggests that the dispute concerning distributions is related to the employment dispute and that the disputes arise from the same transaction or series of related transactions. We conclude that the trial court reasonably so found. This satisfies the second requirement under section 1281.2, subdivision (c).

We also conclude that the trial court reasonably found that there was a possibility of conflicting rulings if Gerrick's employment claims against South Bay and South Bay's claims against Gerrick for breach of fiduciary duty and other alleged misconduct were resolved in arbitration and the parties' distribution claims arising from the same events were litigated in court. It is apparent that Defendants may argue that Gerrick's alleged misconduct justified the failure to pay distributions, even if they have not yet asserted that argument.[10] Although collateral estoppel or res judicata may apply to some issues and claims, we cannot conclude that either of those doctrines necessarily will preclude any and all conflicting rulings, particularly if the doctrine is invoked by Serrano, a nonparty to the arbitration agreement. (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 836-837 [holding that a private arbitration award can have no collateral estoppel effect in favor of a third party unless the parties to the arbitration so agree].) Thus, the third requirement under section 1281.2, subdivision (c) is satisfied as well,

---

[10]    We express no opinion on the merits of the argument or the merits of any of the claims asserted.

and the court properly denied the motion to compel the arbitration of Gerrick's employment claims.

## *DISPOSITION*

The order denying the motion to compel arbitration is affirmed. Plaintiffs are entitled to recover their costs on appeal.

## *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, Acting P. J.

WE CONCUR:

KITCHING, J.

ALDRICH, J.

22