Filed 10/10/14  Miller v. Bernie CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES ANDERSON MILLER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KEVIN F. BERNIE,<br><br>    Defendant and Respondent. | F067619<br><br>(Kings Super. Ct. No. 12 C 0112)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County.  James T. LaPorte, Judge.

Charles Anderson Miller, in pro. per., for Plaintiff and Appellant.

Scampini, Mortara & Harris, Haig A. Harris, Jr., and Neil S. Turner, for Defendant and Respondent.

-ooOoo-

### INTRODUCTION

In this appeal, plaintiff claims defendant was properly served with a complaint via substituted service, and that defendant was aware of the lawsuit prior to the entry of his default.  Therefore, plaintiff submits the trial court erred in setting aside the resultant default judgment pursuant to Code of Civil Procedure section 437.5.[1]

---

[1] All future statutory references are to the Code of Civil Procedure, unless otherwise noted.

Because substantial evidence supported the trial court's conclusion that defendant lacked actual knowledge of the lawsuit, we reject plaintiff's contention. Our conclusion is not affected by the trial court's failure to state every requisite factual finding on the record. Nothing in section 437.5 requires such a recitation. Consequently, the doctrine of implied findings defeats plaintiff's claim. We affirm.

**FACTS**

Plaintiff is currently serving a 115-year-to-life sentence at a state prison in Corcoran for rape and other charges. In 2012, he filed original and amended complaints in Kings County Superior Court alleging that defendant Bernie owed him more than $2 million. A letter purportedly from Bernie to plaintiff confirming the debt was attached as an exhibit. [2] Bernie claims this letter is a forgery.

Bernie has an ownership interest in a private residential unit at Kamaole Beach Club in Hawaii. On June 24, 2012, Patti Rodrigues – an employee at the beach club – signed receipts for two certified envelopes that arrived via the U.S. Postal Service. The envelopes were addressed as follows:

> "ATTN: PATTY RODRIGUEZ, MANAGEMENT AGENT
> "KAMAOLE BEACH CLUB CONDOS FOR
> "CO-OWNER: KEVIN F. BERNIE
> "2381 SOUTH KIHEI RD #C208
> "MAUI, HAWAII, 96753"

Several weeks prior to signing receipts for the letters, Rodrigues received multiple calls from a woman claiming to be Bernie's friend. During the calls, the woman insisted Bernie was at the beach club and asked Rodrigues to confirm he had arrived. Rodrigues told the woman that Bernie had not been to the beach club "for quite some time." The club's onsite manager said Bernie had not been there "in years." The woman asked

---

[2] The letter, purportedly written by Bernie, indicates that Bernie had borrowed $1.7 million from plaintiff in 2008 and also owed additional sums for "paralegal work" plaintiff had performed.

2.

Rodrigues whether something could be mailed to Bernie at that location and Rodrigues replied, "[Y]es." The envelopes were filed in a cabinet and "forgotten about" until November 26, 2012.

In a case management statement dated August 20, 2012, plaintiff represented that he had requested entry of default pursuant to service effected in Hawaii, but the court clerk "delayed/refused" to enter a default.

Plaintiff attempted to file a signed[3] acknowledgment of receipt (Jud. Council Form POS-015). (See § 415.30.) In a notice dated August 28, 2012, the court clerk returned the acknowledgment unfiled because the signature was not dated.

On September 14, 2012, plaintiff successfully filed a proof of summons purportedly executed by a Sergey Lazarenko on July 21, 2012. The proof of service claimed that substituted service was effected on "CYNDY" at "1800 Alma Way, Apt. #313, Walnut Creek, California 94596." The proof of service describes Cyndy as follows: "Adult Female, Approx. 50+ years of age; [C]aucasian ; with sandy-blonde [*sic*] hair, green eyes, about 135 LBS in weight, and 5'7" in height." The proof of service's due diligence declaration described several prior attempts to serve Bernie and also described the apartment complex where service was purportedly effected.[4] The clerk entered Bernie's default on September 14, 2012.

On October 16, 2012, Bernie and his girlfriend, Cynthia Simoncini flew to Maui for a vacation at Bernie's condominium. On November 25, 2012, Bernie's brother, Gary, called. Gary told Bernie that "legal papers" had arrived at 1000 N. Point, San Francisco, California. Gary, Bernie and several others own a unit at that address "as an investment,"

---

[3] The acknowledgment in the appellate record is of poor quality. Plaintiff claims defendant's signature appears on the acknowledgment. Defendant contends the signature is a forgery.

[4] Defendant contends the description of the apartment complex was inaccurate in certain respects.

3.

but Bernie does not reside there. The "legal papers" sent to that address named Bernie as a defendant in a different lawsuit, entitled *Kathleen Marie Stevens v. Renee Ann Miller, Kevin F. Bernie and Does No. 1 through 20, inclusive*.

The next day (November 26, 2012), Bernie went to the Kamaole Beach Club office. An employee told Bernie about the two envelopes that had been signed for by Rodrigues months earlier. The onsite manager retrieved the envelopes, and Bernie opened them. One contained pleadings in the San Luis Obispo action, *Kathleen Marie Stevens vs. Renee Ann Miller, et al.* The other contained a set of pleadings related to this case, *Charles Miller vs. Kevin F. Bernie* filed in Kings County.[5] In a declaration, Bernie said November 26, 2012, was the first day he learned of the Kings County action underlying the present appeal.

Bernie called his attorneys on November 28, 2012. They informed him that his default had already been entered in the case. On December 11, 2012, the court entered a default judgment against Bernie. Bernie's attorneys did not obtain the court file until after this judgment was entered.

On December 26, 2012, Bernie filed a motion to set aside entry of default and default judgment. (See §§ 473, subd. (b), 473.5.) The hearing on the motion was set for February 6, 2013.

On January 28, 2013, plaintiff filed an ex parte application to continue the hearing for 45 days so he could "gather evidence." Plaintiff said he received a letter from Lazarenko, the process server, who indicated he would be in Ukraine until May 2013. Bernie submitted that the purported process server was a fictitious person and opposed the continuance request.

---

[5] Bernie read the complaint, including the letter he purportedly wrote confirming the debt underlying the action. According to Bernie, the letter is a "total forgery."

At the February 6, 2013, hearing, the court denied plaintiff's ex parte request for a continuance and granted Bernie's motion to set aside the default judgment. Bernie filed an answer to the operative complaint on February 8, 2013. Plaintiff appeals.

## DISCUSSION

Plaintiff raises two issues on appeal. He contends the court abused its discretion in (1) granting defendant's motion to vacate and (2) denying his own request for a continuance. We reject both contentions.

## I.
## THE TRIAL COURT DID NOT ERR IN GRANTING DEFENDANT'S MOTION TO VACATE THE JUDGMENT

Plaintiff argues defendant's motion should have been denied for multiple reasons. First, he argues that the trial court abused its discretion in granting the motion because there was evidence defendant had actual notice of the action before his default was entered. Second, he claims the trial court improperly failed to make "any expressed or implied" findings required by section 473.5, subdivision (c). We will address each in turn.

### A. *We Affirm the Trial Court's Finding that Defendant Lacked Actual Knowledge of the Action Because it is Supported by Substantial Evidence*

Plaintiff submits the court erred in granting the motion because there was evidence defendant had actual notice of the action before the default was entered. Because there was conflicting evidence on this issue, the applicable standard of review requires that we reject plaintiff's contention.

Section 473.5 applies where "service of a summons has not resulted in actual notice to a party in time to defend the action …." (§ 473.5, subd. (a).) " ' "[A]ctual notice' in section 473.5 "means genuine knowledge of the party litigant...." [Citation.]' [Citation.]" (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547.)

"We review the court's findings regarding actual notice of the action for an abuse of discretion. [Citation.]" (*Ellard v. Conway*, *supra*, 94 Cal.App.4th at p. 547.) When

5.

"there is substantial conflict in the facts … the determination of controverted facts by the trial court will not be disturbed on appeal." (*Goya v. P.E.R.U. Enterprises* (1978) 87 Cal.App.3d 886, 891.) Here, there was conflicting evidence on the issue of notice. Defendant denied actual notice of the lawsuit in his declaration. This was competent evidence sufficient to support the trial court's finding.

As plaintiff correctly notes, there was other evidence that could support a contrary inference, such as the acknowledgment of receipt purportedly signed by defendant.[6] (See § 415.30.) But the trial court resolved this conflict against plaintiff by finding the declarations offered by defendant were "credible."[7] That determination "will not be disturbed on appeal." (*Ibid*.)

Plaintiff submits that defendant's declaration was insufficient under *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852. In that case, the trial court denied defendant's motion to set aside the judgment and the Court of Appeal affirmed. The appellate court concluded the motion was properly denied because the defendant did not "declare that he lacked actual knowledge of the action, nor [did] the affidavit show that any lack of knowledge was caused by excusable neglect." (*Id.* at pp. 861–862.)[8] In the present case,

---

[6] Plaintiff requests we take judicial notice of additional evidence. None of the evidence offered is relevant to the court's material finding that defendant lacked actual knowledge of this lawsuit. The request for judicial notice is therefore denied. (See *Abaya v. Spanish Ranch I, L.P.* (2010) 189 Cal.App.4th 1490, 1494, fn. 2 [denying request for judicial notice on irrelevance grounds].)

[7] The court also said: "The Court would conclude that there is a basis for setting aside the default and default judgment in accordance with 473.5 failure to note [*sic*] that there was any actual knowledge of the summons and complaint." While this statement is not entirely clear (likely due to typographical errors), it seems readily apparent that the court found defendant did not have actual knowledge of the action.

[8] The court also relied on the fact that defendant had failed to submit an "answer, motion, or other pleading, as required by statute …." (*Sakaguchi v. Sakaguchi*, *supra*, 173 Cal.App.4th at p. 862.) That consideration does not apply here, as defendant did lodge an answer with the court.

6.

however, defendant *did* declare that he lacked actual knowledge of the action. Thus *Sakaguchi* is entirely distinguishable.

**B.** **Trial Court's Purported Failure to Make Express Findings Does not Warrant Reversal**

Plaintiff also argues that reversal is required because the trial court failed to make an express finding that the lack of notice did not occur as a result of avoidance of service or inexcusable neglect. We reject this contention. While the court did not state each finding in its order, we assume those findings were made under the doctrine of implied findings.

"[C]ourts have developed the doctrine of implied findings by which the appellate court is required to infer that the trial court made all factual findings necessary to support the order or judgment. [Citations.]" (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1271.) As plaintiff correctly notes, the court was required to find that defendant's lack of actual knowledge was not caused by avoidance of service or inexcusable neglect. (§ 473.5, subd. (c).) But since that finding was "necessary to support the order," we "infer" the trial court made it. (*Laabs v. City of Victorville*, *supra*, 163 Cal.App.4th at p. 1271.)

In his reply brief, plaintiff argues that "a trial court's ruling in either granting, or denying, CCP § 473 relief may be reversed for non-compliance with statutory requirements." (Formatting removed.) But we conclude that specifying findings on the record is not a statutory requirement. Nothing in the plain language of section 473.5 suggests that a court must state each requisite finding on the record. This omission is significant, considering that the Legislature knows how to draft statutes with such a requirement. (See *Laabs v. City of Victorville*, *supra*, 163 Cal.App.4th at p. 1272.)

7.

## II.
## THE COURT DID NOT ABUSE ITS DISCRETION IN DENYING PLAINTIFF'S REQUEST FOR A CONTINUANCE

Plaintiff next contends the court abused its discretion in denying his ex parte application to continue the hearing on defendant's motion. We disagree.

"Generally, power to determine when a continuance should be granted is within the discretion of the court, and there is no right to a continuance as a matter of law. [Citation.]" (*Fisher v. Larsen* (1982) 138 Cal.App.3d 627, 648.)

At the law and motion hearing, the court asked plaintiff why he could not simply provide a declaration from the process server (Lazarenko), rather than live testimony. Plaintiff replied that since defendant was claiming Lazarenko was a fictitious person, he needed to produce the process server in person.

The court ultimately denied the request for a continuance, concluding that plaintiff could have simply filed timely declarations rather than producing Lazarenko in person.

We see no abuse of discretion. "Evidence received at a law and motion hearing must be by declaration or request for judicial notice *without testimony* …." (Cal. Rules of Court, rule 3.1306(a), italics added.) The court may permit testimony on "good cause shown." (*Ibid*.) Here, the court apparently concluded that there was no good cause for live testimony. By so concluding, the court was necessarily implying that its decision on the motion would not be affected by whether evidence was presented via live testimony or declarations. In other words, the court would not make adverse inferences based on the lack of live testimony. The court's ultimate ruling comported with these notions. The court never found that the process server was a fictitious person.[9] If it had, then the

---

[9] To rule on the motion, the court only needed to determine whether "service of the summons … resulted in actual notice" to defendant and whether the "lack of actual notice … was … caused by" defendant's "avoidance of service or inexcusable neglect …." (§ 473.5, subds. (a) & (c).) The court was not required to resolve whether Lazarenko was a real person or whether plaintiff forged the proof of service and the acknowledgment of receipt.

lack of live testimony may have been prejudicial and perhaps a continuance would have been warranted. Instead, the court simply concluded that defendants' declarations were "credible" while the proof of service was "unusual." In other words, the court found that defendant lacked actual knowledge of the action without regard to whether Lazarenko was a real person or not. It made these decisions based on declarations, including plaintiff's.

The purported necessity for live testimony was the only ostensibly valid basis for plaintiff's continuance request. Because the court reasonably concluded that there was no good cause to permit live testimony, it was not an abuse of discretion to also deny the continuance request.

## DISPOSITION

The order granting defendant's motion to set aside the default and default judgment is affirmed. Defendant shall recover his costs on appeal.

_____
Poochigian, J.

WE CONCUR:

_____
Levy, Acting P.J.

_____
Peña, J.

9.