Opinion
 

 JOHNSON, J .
 

 This is an appeal by defendant Alcove Investment, Inc. (Alcove), from an order staying arbitration of plaintiff’s claims against Alcove during the pendency of this litigation. We affirm.
 

 Facts and Proceedings Below
 

 The following facts are taken from the record on the motion to stay arbitration including the verified first amended complaint and deposition of plaintiff, Roland H. Henry.
 
 [1]
 

 At the time of the events giving rise to this lawsuit Mr. Henry was a functionally illiterate elderly widower who had only one leg and was
 
 *61
 
 confined to his bed and a wheelchair with crippling arthritis.
 
 [2]
 
 Henry was blind in one eye and had only limited vision in the other. Born in 1905 in rural East Texas, Henry left school at an early age and began to work full time at the age of 12. Prior to retirement, Henry supported himself by selling homemade tamales from a lunch wagon. In 1961, Henry and his wife purchased a home on East 108th Street in the Watts area of Los Angeles. Mr. Henry continued to reside in the house after Mrs. Henry died in 1977. By 1981 Mr. Henry owned the house free and clear.
 

 The complaint alleges defendant Alex Hazan and other individual defendants working with mortgage loan brokers such as Alcove defrauded Mr. Henry out of thousands of dollars through phony home improvement transactions. The fraud involved obtaining or forging Mr. Henry’s signature on various blank contracts and loan documents then filling in these documents to reflect much higher amounts than Mr. Henry agreed to pay for the home improvements.
 

 The specific facts involving Alcove are as follows. Building on a prior transaction with Mr. Henry involving recarpeting his home, defendant Hazan or someone working with him approached Mr. Henry about some additional home improvements. This time, the offered improvements were to consist of some roof repairs to a small building at the rear of Henry’s home and painting Henry’s living room and hallway. Henry was told this work would be done by Kazan’s company for $1,000 and Hazan would arrange a loan in the amount of $4,000 to finance the work and to provide Henry with some cash. Henry was again asked to sign blank loan documents after being told to trust the salesman. The documents were later filled in to show a loan for $10,942 instead of the $4,000 Mr. Henry thought he was borrowing. Among the documents Mr. Henry signed was a loan request form prepared by Alcove. The loan request form contained an arbitration clause.
 

 When Mr. Henry failed to make payments on the Alcove loan, Alcove initiated foreclosure proceedings against Henry’s home.
 

 In October 1989, Mr. Henry filed suit against Hazan, Alcove, and other defendants to obtain injunctive relief halting foreclosure proceedings against his home, to cancel certain instruments that had been fraudulently recorded against title to Henry’s home, and to obtain damages for the defendants’ fraud. The complaint alleged that in defrauding Mr. Henry in the home
 
 *62
 
 improvement transaction Hazan and other individual defendants acted as agents of Alcove.
 

 Alcove answered Mr. Henry’s complaint. It made no mention of the arbitration clause in its answer. However, approximately six months after tiling its answer to the complaint, Alcove initiated arbitration proceedings with the American Arbitration Association under authority of the arbitration clause in Mr. Henry’s loan request.
 

 Counsel for Mr. Henry advised Alcove’s counsel and the American Arbitration Association Mr. Henry would not participate in arbitration because the arbitration clause was void and unenforceable. Alcove did not petition the trial court for an order to compel arbitration but it made clear to Mr. Henry it intended to pursue the arbitration. Therefore Mr. Henry brought a motion to stay arbitration based on five separate grounds: (a) the stay was warranted under Code of Civil Procedure section 1281.2, subdivision (c) due to the possibility of conflicting rulings on common issues of law and fact; (b) Henry’s execution of the document containing the arbitration clause was obtained by fraud; (c) Alcove had waived any right it might have had to insist on arbitration pursuant to Code of Civil Procedure section 1281.2, subdivision (a); (d) Henry did not knowingly waive his right to a jury trial; and (e) the arbitration clause was contained in a contract of adhesion and should not be enforced.
 

 The trial court granted the motion to stay arbitration on all the grounds raised by Mr. Henry. This appeal followed. For the reasons discussed below we find the stay of arbitration was properly based on the possibility of conflicting rulings on common issues of law or fact. (Code Civ. Proc., § 1281.2, subd. (c).) Therefore, we do not address the other grounds for a stay urged by Mr. Henry.
 

 I. An Appeal May Be Taken From an Order Granting a Motion to Stay Arbitration Under Code of Civil Procedure Section 1281.2.
 

 Henry contends Alcove’s appeal must be dismissed as taken from a nonappealable interlocutory order. We disagree. For the reasons explained below we hold an order staying arbitration under Code of Civil Procedure section 1281.2
 
 [3]
 
 should be treated the same as an order denying a petition to compel arbitration which is appealable under section 1294, subdivision (a).
 
 [4]
 

 
 *63
 
 The appealability of an order staying arbitration was upheld in
 
 The Energy Group, Inc.
 
 v.
 
 Liddington
 
 (1987) 192 Cal.App.3d 1520 [238 Cal.Rptr. 202]. In that case The Energy Group (TEG) filed a petition to compel arbitration of the Liddingtons’ claims pursuant to an arbitration clause in the parties’ contract. The Liddingtons opposed the petition and sought a stay of arbitration under section 1281.2 which provides in relevant part: “If the court determines that a party to the arbitration is also a party to litigation in a pending court action or special proceeding with a third party as set forth under subdivision (c) herein, the court (1) may refuse to enforce the arbitration agreement and may order intervention or joinder of all parties in a single action or special proceeding; (2) may order intervention or joinder as to all or only certain issues; (3) may order arbitration among the parties who have agreed to arbitration and stay the pending court action or special proceeding pending the outcome of the arbitration proceeding; or (4) may stay arbitration pending the outcome of the court action or special proceeding.” The trial court did not deny TEG’s petition to compel arbitration; instead it ordered arbitration stayed pending resolution of the litigation. TEG filed a notice of appeal from the stay order.
 
 (Id.
 
 at pp. 1524-1525.)
 

 Addressing the issue of appealability of the stay order, the court, in
 
 TEG,
 
 noted “[a]n order denying a petition to compel arbitration is an appealable order” under section 1294, subdivision (a). “[W]e chose to treat the court’s order [staying arbitration] as, in effect, denying the petition to compel arbitration, thereby rendering it an appealable order.” (192 Cal.App.3d at p. 1525, fn. 7.) The court reasoned, “there is no meaningful distinction between the court’s action [staying arbitration] and an order denying the petition [to arbitrate]. Although, the trial court did not expressly deny the petition, by staying the arbitration pending resolution of the litigation, the court caused many of the same effects which would have occurred if it had denied the petition. We hold, therefore, that such an order should be treated the same as an order denying a petition to compel arbitration.”
 
 (Id.
 
 at pp. 1528-1529.)
 

 We agree with the reasoning of
 
 TEG,
 
 that an order staying arbitration is the functional equivalent of an order refusing to compel arbitration. We note the advantages of arbitration include “a presumptively less costly, more expeditious manner” of resolving disputes.
 
 (Keating
 
 v.
 
 Superior Court
 
 (1982) 31 Cal.3d 584, 595 [183 Cal.Rptr. 360, 645 P.2d 1192] app. dism. in part, revd. in part on other grounds,
 
 sub nom. Southland Corp.
 
 v.
 
 Keating
 
 (1984) 465 U.S. 1 [79 L.Ed.2d 1, 104 S.Ct. 852].) It follows a party to a
 
 valid
 
 arbitration agreement has a contractual right to have its dispute with another party to the contract resolved quickly and inexpensively. An order refusing to compel arbitration, if not reviewed immediately, would significantly delay
 
 *64
 
 arbitration and defeat its purpose. The order would force the party seeking arbitration to proceed with a potentially lengthy and costly trial and, if dissatisfied with the result, appeal from the final judgment. (See
 
 Sjoberg
 
 v.
 
 Hastorf
 
 (1948) 33 Cal.2d 116, 119 [199 P.2d 668].) By the time the Court of Appeal overturned the trial court’s order, the value of the right to arbitrate would be significantly diminished by the delay and expense of litigation. The Legislature’s dissatisfaction with this result led it to enact section 1294, subdivision (a) which specifically authorizes an appeal from an order “dismissing or denying a petition to compel arbitration. . . .” (Recommendation and Study Relating to Arbitration (Dec. 1960) 3 Cal. Law Revision Com. Rep. (1961) G-l, G-60 & fn. 194.) As the court recognized in
 
 TEG,
 
 an order staying arbitration is merely the flip side of an order refusing to compel arbitration and should be treated the same for purposes of appellate review.
 
 (The Energy Group, Inc.
 
 v.
 
 Liddington, supra,
 
 192 Cal.App.3d at pp. 1528-1529.) (Cf.
 
 Los Angeles Police Protective League
 
 v.
 
 City of Los Angeles
 
 (1985) 163 Cal.App.3d 1141, 1144, fn. 1 [209 Cal.Rptr. 890] [holding denial of a
 
 motion
 
 to compel arbitration tantamount to the denial of a petition to compel arbitration and hence appealable].)
 

 II. The Trial Court Did Not Abuse Its Discretion in Staying Arbitration.
 

 Under section 1281.2 the court may, in its discretion, refuse to compel arbitration or may stay arbitration where “there is a possibility of conflicting rulings on a common issue of law or fact.” (See discussion,
 
 ante,
 
 at p. 99.)
 

 We first address Alcove’s contention the “conflicting rulings” ground for staying arbitration under section 1281.2 is inapplicable to the present case. Alcove’s argument is as follows: credit transactions involving real estate affect interstate commerce
 
 (McLain
 
 v.
 
 Real Estate Bd. of New Orleans, Inc.
 
 (1980) 444 U.S. 232, 245 [62 L.Ed.2d 441, 452-453, 100 S.Ct. 502]); the Federal Arbitration Act governs any contract affecting interstate commerce which contains an arbitration clause (9 U.S.C. § 2;
 
 Southland Corp.
 
 v.
 
 Keating, supra,
 
 465 U.S. at pp. 15-16, & fn. 7 [79 L.Ed.2d at pp. 14-16]); the possibility of conflicting rulings is not a ground for denying or staying arbitration under the Federal Arbitration Act
 
 (Volt Info. Sciences
 
 v.
 
 Leland Stanford Jr. U.
 
 (1989) 489 U.S. 468, 476 [103 L.Ed.2d 488, 498, 109 S.Ct. 1248]); therefore, the possibility of conflicting rulings is not a ground for staying arbitration of Henry’s claims against Alcove.
 

 We reject Alcove’s argument for two reasons. First, it was not made in the proceeding below. As a general rule, appellate courts will not
 
 *65
 
 entertain arguments raised for the first time on appeal.
 
 (Musquiz
 
 v.
 
 City of Huntington Park
 
 (1986) 180 Cal.App.3d 876, 883 [225 Cal.Rptr. 817].) This rule is particularly appropriate where, as here, the new argument involves questions of fact not litigated in the trial court proceeding. Whether a transaction affects interstate commerce is a question of fact.
 
 (McLain
 
 v.
 
 Real Estate Bd. of New Orleans, Inc., supra,
 
 444 U.S. at p. 245 [62 L.Ed.2d at pp. 452-453];
 
 Alfred M. Lewis, Inc.
 
 v.
 
 Warehouseman etc. Local No. 542
 
 (1958) 163 Cal.App.2d 771, 787-788 [330 P.2d 53].) Alcove offered no evidence in the trial court on the effects of its loan transactions on interstate commerce. Second, the deed of trust between Alcove and Mr. Henry contains a choice of law provision which has the effect of making the contract arbitrable under California law rather than the Federal Arbitration Act. (Cf.
 
 Volt Info. Sciences, supra,
 
 489 U.S. at pp. 470, 478-479 [103 L.Ed.2d at pp. 494-495, 499-500].) We conclude, therefore, the “conflicting rulings” provision of section 1281.2 is applicable to this case.
 

 The standard of review for an order staying or denying arbitration under section 1281.2, subdivision (c) is the well-known test for abuse of discretion.
 
 (Pioneer Take Out Corp.
 
 v.
 
 Bhavsar
 
 (1989) 209 Cal.App.3d 1353, 1357 [257 Cal.Rptr. 749].) Thus, the trial court’s order will not be disturbed on appeal unless it exceeds the bounds of reason. (Ibid.;
 
 Shamblin
 
 v.
 
 Brattain
 
 (1988) 44 Cal.3d 474, 478-479 [243 Cal.Rptr. 902, 749 P.2d 339].)
 

 Here, the possibility of conflicting rulings on a common issue of fact or law is obvious and the trial court’s order is clearly “in bounds.” In order to establish Alcove’s liability for fraud, Henry will have to establish (1) Hazan or other individual defendants defrauded Mr. Henry in the home improvement transaction; (2) Hazan or the other individual defendants were acting as agents of Alcove; (3) Alcove is liable for the fraud of Hazan or the other individual defendants. (See, generally, 2 Witkin, Summary of Cal. Law (9th ed. 1987) Agency and Employment, §§ 113-117.) A possibility of conflict exists as to the first issue because the arbitrator could find Hazan or other individual defendants did not defraud Mr. Henry while at trial the trier of fact could find fraud was committed by Hazan or other defendants. The existence of this possibility of conflicting rulings on a common issue of fact is sufficient grounds for a stay under section 1281.2. (Cf.
 
 C. V. Starr & Co.
 
 v.
 
 Boston Reinsurance Corp.
 
 (1987) 190 Cal.App.3d 1637, 1642 [236 Cal.Rptr. 167];
 
 Green
 
 v.
 
 Mt. Diablo Hospital Dist.
 
 (1989) 207 Cal.App.3d 63, 75-76 [254 Cal.Rptr. 689].)
 

 Alcove contends upholding the trial court’s order in this case will effectively vitiate arbitration. According to Alcove, all a party would have to do to avoid arbitration is sue another party not bound by the arbitration clause and allege that party is in some way involved in the arbitrable dispute.
 
 *66
 
 Alcove’s argument overlooks the fact the Legislature made stay orders in cases involving third parties discretionary in order to avoid the gamemanship suggested in Alcove’s hypothetical. In
 
 Madden
 
 v.
 
 Kaiser Foundation Hospitals
 
 (1976) 17 Cal.3d 699, 714 [131 Cal.Rptr. 882, 552 P.2d 1178], the court rejected the plaintiff’s argument she should not be required to arbitrate her medical malpractice claim against Kaiser because she had named as defendants in her action two blood banks not subject to an arbitration agreement. The court reasoned: “plaintiff may properly join the blood banks as parties defendant ... but that right does not empower her to avoid her duty to arbitrate any dispute with Kaiser.” (Citations omitted.) In
 
 Bos Material Handling, Inc.
 
 v.
 
 Crown Controls Corp.
 
 (1982) 137 Cal.App.3d 99, 112 [186 Cal.Rptr. 740], the court addressed the concern expressed by Alcove in the present case and made clear that merely naming third party defendants not subject to the arbitration agreement “[falls] far short of showing the existence of third party claims which would create ‘a possibility of conflicting rulings on a common issue of law or fact.’... If arbitration defenses could be foreclosed simply by naming third party Does, the utility of arbitration agreements would be ‘severely compromised.’ ” (Citations omitted.)
 

 In the present case the plaintiff has done more than merely name third parties as defendants. The complaint alleges the fraudulent acts of those defendants and the connection between those defendants and defendant Alcove. Furthermore, nothing in the record before us suggests plaintiff named these third parties as defendants for the primary purpose of attempting to avoid arbitration with Alcove. Under the circumstances of this case, the purpose of a stay of arbitration was not abused by the trial court’s order.
 

 Disposition
 

 The order is affirmed.
 

 Lillie, R J., and Woods (Fred), J., concurred.
 

 [1]
 

 Mr. Henry died on February 1, 1991. Pursuant to an order of the superior court entered on March 7, 1991, Canzata Y. Castleberry (Mr. Henry’s sister), special administrator for the estate of Roland H. Henry, was substituted into this action in place of Roland Henry.
 

 [2]
 

 Mr. Henry testified at his deposition he reads the Bible and the Los Angeles Times but he does not understand everything he reads. When he does not understand something he asks his sister.
 

 [3]
 

 All future statutory references are to the Code of Civil Procedure unless otherwise noted.
 

 [4]
 

 Section 1294, subdivision (a) provides for appeal from “[a]n order dismissing or denying a petition to compel arbitration.”