Filed 10/20/25  Howitson v. Evans Hotels CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| CHRISTINA HOWITSON, Plaintiff and Respondent, v. EVANS HOTELS, LLC, et al., Defendants and Appellants. | D085078 (Super. Ct. No. 37-2020-00026768-CU-OE-CTL) |


APPEAL from an order of the Superior Court of San Diego County, Matthew C. Braner, Judge.  Reversed and remanded with directions.

Barnes & Thornburg, Mark W. Wallin and Michael P. Witczak, for Defendants and Appellants.

Schneider Wallace Cottrell Kim, Carolyn H. Cottrell, Ori Edelstein, and Robert E. Morelli, III, for Plaintiff and Respondent.

Christina Howitson invoked Code of Civil Procedure section 1281.98 to extricate her claims against Evans Hotels, LLC and The Lodge at Torrey Pines Partnership, L.P. (collectively, Hotel) from arbitration and return them to court when Hotel failed to pay arbitration fees within 30 days of their due date.  Hotel contends, among other things, section 1281.98—as part of the

California Arbitration Act (§ 1280 et seq.)—does not apply here because the parties' arbitration agreement is governed by the substantive and procedural provisions of the Federal Arbitration Act (9 U.S.C. § 1 et seq.). We agree with Hotel, and thus we reverse the court's order granting Howitson's section 1281.98 motion and the corresponding monetary sanctions awarded.

I.

Hotel hired Howitson as a service worker, and Howitson signed an arbitration agreement with Hotel. The agreement states it "will be governed by, interpreted, and enforced in accordance with the Federal Arbitration Act, 9 U.S.C. § 1, et seq."

Later, Howitson sued Hotel under the Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.) for Labor Code violations. Based on the parties' stipulation, the trial court compelled Howitson's individual PAGA claims to arbitration and stayed them in court pending arbitration.

According to Hotel, the parties have engaged in "substantial discovery" in arbitration, with Howitson serving interrogatories and requests for production and taking at least four depositions.

At one point, the arbitrator issued Hotel an invoice for $20,000 "'due upon receipt'" as a retainer. When Hotel did not pay the retainer within 30 days, Howitson moved the trial court under section 1281.98 to lift the stay and reinstate her claims in court. She also sought monetary sanctions under sections 1281.98(c)(1) and 1281.99(a).

Hotel opposed the motion on several grounds, including that section 1281.98 "does not apply" because the arbitration agreement "is governed by the substantive and procedural laws of [the] FAA." At the motion hearing, Howitson's counsel agreed the arbitration agreement selects the FAA as the governing law.

2

The trial court granted Howitson's motion.  It found that, "regardless of references to the FAA in the arbitration agreement, section 1281.98 applies" because it "provides a ground upon which material breach may be established under state law."  The court granted Howitson fees and costs as a monetary sanction under section 1281.99(a) and reserved a separate hearing on the fees she requested under section 1281.98(c)(1).

## II.

### A.

We directed the parties to address the appealability of the trial court's order granting Howitson's motion to lift the stay and reinstate the action in litigation.  They contend the order is appealable under section 1294(a) as the functional equivalent of an order denying a petition to compel arbitration.  We conclude the same.  (See *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 99-100.)

### B.

On the merits, Hotel argues the trial court erred in applying section 1281.98 because the arbitration agreement is governed by the substantive and procedural provisions of the FAA.  We agree.

We review de novo "a question of law involving interpretation of statutes and the contract (with no extrinsic evidence)."  (*Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, 1117.)

Section 1281.98 "governs the payment of fees in employment and consumer arbitrations."  (*Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310, 323.)  It creates a default rule (1) making required arbitration fees or costs due upon receipt and (2) obligating the drafting party to pay them within 30 days.  (§ 1281.98(a)(1)-(2).)  Willful, fraudulent, or grossly negligent nonpayment or late payment constitutes a "material breach" of the

3

arbitration agreement such that the drafting party is in default of and has waived its right to arbitration. (§ 1281.98(a)(1); *Hohenshelt*, at p. 346.) "But short of such wrongful conduct, a breaching party may be relieved from forfeiting its right to enforce an arbitration agreement based on the circumstances, as provided by long-standing legal principles." (*Hohenshelt*, at p. 346.) The statute also establishes a procedure for the employee or consumer to unilaterally withdraw the claim from arbitration and litigate in court following this material breach. (§ 1281.98(b)(1).)

This case turns on what law the parties chose to apply to their arbitration agreement. Generally, "the CAA's procedural rules apply by default to cases brought in California courts." (*Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 582.) But parties may "expressly designate that any arbitration proceeding should move forward under the FAA's procedural provisions" instead. (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 394, italics omitted.) In *Rodriguez*, for example, the parties' agreement to arbitrate their disputes "'[p]ursuant to the Federal Arbitration Act'" was so "broad and unconditional" as to expressly adopt both the substantive and procedural provisions of the FAA. (*Rodriguez*, 136 Cal.App.4th at pp. 1116, 1122.) So too here.

The arbitration agreement here is "governed by, interpreted, and enforced" under the FAA.[1] By its plain language, the agreement expresses the parties' intent to apply the entire FAA—both its substantive and procedural provisions—to the arbitration. As a result, CAA procedures, including the procedures in section 1281.98, do not apply. (See *Hernandez v.*

---

[1] Though the agreement in *Hohenshelt* contained a similar choice-of-law provision, the Supreme Court "assume[d] the CAA applie[d]" because the employer forfeited any contrary argument by not timely raising it. (*Hohenshelt*, 18 Cal.5th at pp. 324, 327.)

*Sohnen Enterprises, Inc.* (2024) 102 Cal.App.5th 222, 242 [concluding same for similar section 1281.97], disapproved on other grounds in *Hohenshelt*, 18 Cal.5th at p. 349.)

Howitson counters that "section 1281.98 applies even if the parties expressly incorporate[d] the FAA's substantive and procedural terms" because it "defines breach in the employment and consumer arbitration context." Under the FAA, arbitration agreements are "enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.) According to Howitson, section 1281.98 "simply provide[s] 'an external body of law governing revocation'" based on breach.

Even if we were to agree section 1281.98 has substantive elements, Howitson also invoked its procedures, which she cannot do under the terms of the arbitration agreement.[2] As Hotel notes, in addition to defining material breach, section 1281.98 "provides a procedural framework that allows a plaintiff to select a remedy resulting from a possible breach." We find support for construing section 1281.98 as at least in part procedural in Justice Groban's concurring opinion in *Hohenshelt*, where he discussed how California courts often will not need to engage in a preemption analysis of section 1281.98 if "the CAA's procedural rules" apply. (*Hohenshelt*, 18 Cal.5th at p. 351 (conc. opn. of Groban, J.).) Howitson moved—and the court granted her motion—under section 1281.98's procedures. Given the parties' choice of FAA procedural law, doing so was improper. (See *Hernandez*, 102 Cal.App.5th at p. 242.)

---

[2]     Whether Howitson could rely on the "material breach" portion of section 1281.98 to return her claims to court through an FAA procedural mechanism, as opposed to the procedures established in section 1281.98, goes beyond the scope of this appeal.

We thus reverse.  Given our disposition, we do not reach the other independent grounds for reversal Hotel raised.

### III.

We reverse the (1) order granting Howitson's section 1281.98 motion and (2) corresponding monetary sanctions awarded under that motion.  We remand with directions for the trial court to reinstate its December 8, 2022 order compelling Howitson's individual PAGA claims to arbitration and staying them in court pending arbitration.  Each party is to bear its own costs on appeal.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.