Filed 12/16/25  Howard v. Koulax Enterprises CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BREANN HOWARD, | B335329 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21GDCV01154) |
| v. | |
| KOULAX ENTERPRISES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joel L. Lofton, Judge.  Reversed and remanded.

Martorell Law, Eduardo Martorell and JoAnn Victor for Defendant and Appellant.

JCL Law Firm, Jean-Claude Lapuyade, Sydney S. Castillo-Johnson, Perssia P. Razma; Zakay Law Group, Shani O. Zakay and Jaclyn M. Joyce for Plaintiff and Respondent.

* * * * * *

The trial court vacated its earlier order compelling arbitration of certain claims in an employment dispute pursuant to Code of Civil Procedure sections 1281.97 and 1281.98[1] after the employer did not make a timely payment of the arbitration provider's fees.  The employer appeals, arguing that federal arbitration law applies and, alternatively, that the trial court's order is incorrect under California statutory provisions.  By failing to raise the applicability of federal law before the trial court, the employer has waived its right to do so here.  However, because our Supreme Court in *Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310 (*Hohenshelt*) recently interpreted these statutory provisions to equate nonpayment of arbitration fees with waiver of the right to arbitrate only if the nonpayment was "willful[]," "fraudulent[]," done "with gross negligence," or not in "good faith" (*id.* at pp. 332-333, 346, 347-348), we remand to the trial court to examine whether the employer's nonpayment in this case satisfies this newly articulated standard.

## FACTS AND PROCEDURAL BACKGROUND

### I.  Facts

Breann Howard (plaintiff) worked for Koulax Enterprises (Koulax)—which does business as Original Tommy's Hamburgers—between May 29, 2017 and December 10, 2020.

On November 9, 2019, plaintiff signed an "Alternative Dispute Resolution Agreement (Mediation and Binding Arbitration)" (the agreement).  Under the agreement, the parties

---

1      All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

had the option, by "mutual consent," to submit any employment disputes to mediation. Absent such consent, "any claim, controversy, or dispute arising out of and/or in connection with [plaintiff's] . . . employment and/or any other matter directly or indirectly related to [plaintiff's] employment," including "wage and hour related claims," was to be "submitted to final and binding arbitration." The arbitration was to be "conducted by a neutral arbitrator, governed by the Federal Arbitration Act (FAA)" and the arbitrator was to "apply California substantive law and the California Evidence Code to the proceeding." However, the agreement also contained a choice-of-law clause providing "that except as otherwise provided in this Agreement,[2] the FAA shall govern interpretation, enforcement and all proceedings pursuant to arbitration as contemplated under this Agreement" and that "[t]o the extent that the FAA is inapplicable, California arbitration law shall apply."

## II.    Procedural Background

### A.    *Plaintiff sues Koulax*

In September 2021, plaintiff sued Koulax under the Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.) for 19 different violations of the Labor Code. Plaintiff's complaint alleged claims on her own behalf as well as on behalf of other

---

**2**    The agreement referenced two specific provisions of the California Arbitration Act (§ 1280 et seq.)—specifically, the agreement provided that (1) that section 1283.05, which prescribes the procedures and rules for taking depositions during arbitration proceedings, would *not* apply unless the parties agreed otherwise in writing, and (2) any arbitration award could only be reviewed or vacated by a court on the grounds set forth in section 1286.2.

aggrieved employees of Koulax, and sought civil penalties under PAGA.

Koulax filed an answer to the complaint, alleging 27 affirmative defenses. The caption on that filing listed Eduardo Martorell (Martorell) and Jean-Paul Le Clercq (Le Clercq) of Martorell Law as Koulax's attorneys; attorney Le Clercq signed the answer.

Throughout the proceedings, Le Clercq was designated as Koulax's counsel of record.

On October 11, 2022, after being served electronically with a letter from plaintiff, attorneys for Koulax responded that moving forward plaintiff needed to include attorney JoAnn Victor (Victor) and the firm's office manager on any correspondence related to the matter, otherwise they would "reject the effectiveness of [] service on [their] office." That notice also requested plaintiff remove attorney Carolyn Li from the list of persons to be served; notably, Koulax's attorneys did not make a similar request as to Le Clercq.

**B.** ***Koulax moves to compel arbitration***

In March 2023, Koulax moved to compel arbitration of the dispute. The caption in those moving papers listed Martorell, Le Clercq, and Victor as Koulax's attorneys.

After further briefing and a hearing, on June 1, 2023, the trial court issued an order to arbitrate plaintiff's individual claims for relief under PAGA and staying the nonindividual claims under PAGA pending the outcome of the arbitration. In so ruling, the court found that plaintiff had entered into a "binding arbitration agreement," and ruled that the FAA applied because the case involved interstate commerce and because the choice-of-law clause in the agreement invoked the FAA.

4

### C. *Koulax does not timely pay the arbitration provider's initial filing fees*

On June 23, 2023, plaintiff filed a demand for arbitration with the American Arbitration Association (AAA). The demand form had space to list one attorney for Koulax; plaintiff listed and provided the email address for Le Clercq, Koulax's counsel of record.

After plaintiff paid her share of AAA's initial fee, on August 1, 2023, AAA emailed Le Clercq an invoice and a letter requesting that Koulax pay its $2,100 share of the initial filing fees. In both documents, AAA noted that payment must be made within 30 days—that is, by August 31, 2023—and that under section 1281.97, the deadline could not be extended and failure to pay would result in closure of the arbitration matter.

Koulax did not pay the invoice by August 31, 2023.

On September 5, 2023, AAA sent Le Clercq an email relaying that it had closed the file on the matter due to Koulax's nonpayment.

On September 13, 2023, plaintiff's attorney contacted Martorell to ask if Koulax would stipulate to vacating the order compelling arbitration in light of Koulax's failure to make a timely payment. Separately, Martorell contacted Le Clercq, who confirmed that he had received the August 1, 2023 and September 5, 2023 emails but had not opened the messages because it was his "custom[]" "not [to] review any emails associated with matters [he was] not expressly asked to handle." Koulax immediately cut a check to AAA for the amount due.

**D.** *Plaintiff moves to vacate the order compelling arbitration*

On October 12, 2023, plaintiff filed a motion in the trial court to vacate the court's order compelling arbitration, citing sections 1281.97 and 1281.98 and Koulax's untimely payment of the arbitration provider's filing fees. Plaintiff also sought monetary sanctions.

Koulax opposed the motion and argued that plaintiff's decision to list Le Clercq as Koulax's attorney on the arbitration demand form amounted to "purposeful misidentification." At no point in its opposition did Koulax argue that the FAA applied—either by virtue of the agreement's choice-of-law provision or preemption.

Following plaintiff's reply and a hearing, the trial court granted plaintiff's motion to vacate the order compelling arbitration of plaintiff's individual claims. The court found that Koulax's untimely payment entitled plaintiff to withdraw from arbitration and it found no misconduct by plaintiff in naming Le Clercq as Koulax's point of contact on the demand form: "[A]lthough it would have likely been more prudent for Plaintiff to list [] Martorell as [Koulax's] representative, it was not unreasonable for [plaintiff] to elect to input Le Clercq's information" given that Le Clercq was "still" Koulax's "counsel of record." The court ordered Koulax pay sanctions totaling $1, observing that greater sanctions would be "unjust" because Koulax's untimely payment was "completely by mistake resulting from the errors by both sides."

**E.** *Koulax appeals*

Koulax filed this timely appeal.

6

## DISCUSSION

In this appeal, Koulax levels a two-pronged attack on the trial court's order.[3]  First, Koulax argues that the court erred by applying sections 1281.97 and 1281.98 *at all* because the agreement provides that the FAA (rather than California law) "shall govern . . . all proceedings pursuant to arbitration" and because the FAA otherwise preempts these provisions.  Second, Koulax argues that even if sections 1281.97 and 1281.98 apply, they do not justify vacating the order compelling arbitration in this case because (1) Koulax never got "actual receipt" of AAA's invoice, (2) plaintiff intentionally listed Le Clercq on the form to make it less likely Koulax would open AAA's emails, and (3) Koulax's untimely payment was inadvertent and not prejudicial.

Koulax cannot press the first prong of its attack on appeal because at no point before the trial court did Koulax argue that the FAA applies by virtue of the agreement's choice-of-law clause or preemption.  Instead, Koulax opted to solely argue that the requirements of section 1281.97 and 1281.98 were not met.  Because choice-of-law and preemption arguments are not jurisdictional, Koulax's failure to raise these arguments before the trial court precludes Koulax from doing so for the first time on appeal.  (*Hohenshelt*, *supra*, 18 Cal.5th at p. 323; *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 100-101; *Pelletier v. Alameda Yacht Harbor* (1986) 188 Cal.App.3d 1551,

---

[3]  An order vacating a prior order compelling arbitration pursuant to sections 1281.97 and 1281.98 is appealable. (*Hernandez v. Sohnen Enterprises, Inc.* (2024) 102 Cal.App.5th 222, 236-237, disapproved on other grounds by *Hohenshelt*, *supra*, 18 Cal.5th 310; *Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal.App.5th 621, 633, disapproved on other grounds by *Hohenshelt*.)

1554, fn. 1; *Segal v. Silberstein* (2007) 156 Cal.App.4th 627, 632-633.) Although the trial court's order compelling arbitration found that the FAA applied to this dispute, that finding does not excuse or otherwise obviate Koulax's forfeiture because "[t]he question of what procedures governed the arbitration itself was not before the trial court" at the time of the order compelling arbitration. (*Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761, 786-787, disapproved on other grounds by *Hohenshelt*.) Although we have discretion to overlook forfeiture, we decline to do so.

In assessing whether the trial court erred in vacating an order compelling arbitration pursuant to sections 1281.97 and 1281.98, we interpret the statutory language de novo, reviewing any subsidiary factual findings for substantial evidence and the application of the statute to undisputed facts de novo. (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1120 [statutory construction]; *Guardianship of Saul H.* (2022) 13 Cal.5th 827, 846-847 [factual findings]; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018 [law to undisputed facts].)

In pertinent part, sections 1280, 1281.97, and 1281.98 provide that, where a "company or business . . . include[s] a predispute arbitration provision in a contract with a[n] employee" and is required to pay certain arbitration fees or costs, their failure to do so "within 30 days after the due date" constitutes a "material breach of the arbitration agreement" that simultaneously operates as a "default of the arbitration" as well as a "waive[r of the] right to compel" arbitration; when this occurs, the employee "may unilaterally elect" to (1) "[w]ithdraw the claim from arbitration" or (2) remain in the arbitral forum but require the company or business to "pay reasonable

8

attorney's fees and costs related to the arbitration." (§§ 1280, subd. (3), 1281.97, subds. (a) & (b) [applies to "fees or costs to initiate an arbitration proceeding"], 1281.98, subds. (a) & (b) [applies to "fees and costs during the pendency of an arbitration proceeding"].)

In *Hohenshelt*, our Supreme Court construed section 1281.98 specifically—and, by extension, section 1281.97—to effectuate a waiver of the right to compel arbitration only when an untimely payment of arbitration fees is "willful[]," "fraudulent[]," made "with gross negligence," or not made "in good faith." (*Hohenshelt, supra*, 18 Cal.5th at pp. 332-333, 346, 347-348.)[4] Although the statutes' plain text purports to make waiver of the right to arbitrate as a consequence of nonpayment alone (*id.* at p. 331), *Hohenshelt* construed that text to make any waiver contingent upon a showing of culpability in light of the statutes' legislative history as well as several "background statute[s]" (namely, section 473, subdivision (b), and Civil Code sections 3275 and 1511). (*Id.* at pp. 332-338.) Our Supreme Court remanded the matter to the trial court to apply its newly articulated standard for waiver. (*Id.* at p. 349.)

Koulax and plaintiff both argue in their supplemental briefs addressing *Hohenshelt* that we should apply the newly articulated standard of waiver ourselves and not remand to the trial court. Koulax argues that the trial court already found that

---

[4] We had initially set this matter for oral argument on April 1, 2025, but Koulax served notice on March 17, 2025 that the matter had settled. We issued a stay of this matter and a limited remand for the trial court's approval of the settlement. Just two days after *Hohenshelt* was decided, Koulax proclaimed it was rejecting any further settlement negotiation. We lifted the stay and recalled the limited remand.

Koulax did not act willfully, fraudulently, grossly negligent, or in bad faith because the court, in declining to impose more than nominal monetary sanctions, stated that Koulax's failure to timely pay the arbitration fees "was completely by mistake." And plaintiff argues that Koulax acted with gross negligence because its designation of attorney Le Clerc as the point of contact ostensibly violates numerous rules of professional responsibility. Given this fact-intensive debate, we remand to the trial court to make the factual finding in the first instance.

## DISPOSITION

The order is reversed and remanded for the trial court to determine whether there has been a waiver of the right to arbitrate under the standard articulated in *Hohenshelt*. The parties are to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
BAKER


_____, J.
MOOR

Howard v. Koulax Enterprises
B335329


BAKER, J., Concurring



I have signed the opinion for the court and I agree the trial court may decide in the first instance whether Koulax Enterprises' (Koulax's) failure to timely pay arbitration fees resulted from "a good faith mistake, inadvertence, or other excusable neglect" or was instead "willful, grossly negligent, or fraudulent." (*Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310, 323.) I write separately only to emphasize that this inquiry will require the trial court to scrutinize Koulax's reasons for nonpayment, which it may not be able to do on the present record without further discovery into the factors *Hohenshelt* identifies as relevant.



BAKER, J.