Filed 8/4/21  Monster Energy Co. v. Holland CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MONSTER ENERGY COMPANY, | |
| Plaintiff and Respondent, | E074893 |
| v. | (Super.Ct.No. RIC1701539) |
| JOEY HOLLAND et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge.
Affirmed.

The Justice Firm and Joe A. Virgilio for Defendants and Appellants.

Shook, Hardy & Bacon, Marc P. Miles, Kristy A. Schlesinger and Ryan J.
Williams for Plaintiff and Respondent.

Joey Holland and CYOD Group, LLC (CYOD) (collectively, defendants) appeal
from a default judgment entered against them awarding Monster Energy Company
(Monster) damages, monetary sanctions, attorney fees, and postjudgment interest in an
amount totaling over $1 million.  The trial court entered judgment after granting

1

Monster's motion for terminating sanctions, which defendants did not oppose.

Defendants failed to comply with a court order requiring them to respond to discovery

requests, which Monster had moved to compel. Defendants did not oppose that motion

either.

Monster sued defendants and Andrea Ramos, a former employee of Monster's

who worked in the marketing department as a licensing and apparel manager.[1] In her

position, Ramos was responsible for selecting vendors to provide Monster with various

goods and services and for recommending the approval of purchase orders she submitted.

Ramos provided Holland with the opportunity to sell goods to Monster through his

company CYOD, but she did not disclose to Monster that she was married to Holland and

had children with him. While CYOD was acting as a vendor for Monster, Holland and

Ramos both filled out numerous vendor forms with Monster denying that "the vendor"

was a personal friend or a relative of any Monster employee. Monster alleged that it was

overcharged "by at least $2 million." Monster alleged various causes of action against

Ramos and defendants relating to fraud and theft by the employee and Holland through

CYOD. CYOD cross-complained. According to defendants' opening brief on appeal,

---

[1] The clerk's transcript contains only the judgment, the notice of appeal, defendants' designation of the record on appeal, and the register of actions from the trial court. Before Monster filed its respondent's brief, we granted Monster's motion to augment the record. The augmentation added the order and notice of ruling on Monster's motion to compel, Monster's motion for terminating sanctions and the separate statement supporting the motion, the notice of nonopposition to that motion, the notices of ruling on the sanctions motion, and the order granting that motion. Our description of the underlying litigation is drawn from Monster's memorandum of points and authorities in support of its motion for terminating sanctions.

2

CYOD alleged breach of contract and related causes of action based on Monster's alleged failure to pay invoices totaling over $2.5 million.

At an initial hearing on the terminating sanctions motion, defendants' attorney confirmed that defendants had not filed a written opposition to the motion. Counsel asked the court to deny the motion to allow defendants "one final opportunity" to comply with the discovery order. Counsel represented that if defendants continued to violate the order, then terminating sanctions would be "appropriate." The trial court continued the matter for one week. At the hearing the next week, defendants' counsel admitted that defendants had not provided Monster with "any of the discovery." The trial court granted the motion for terminating sanctions, striking defendants' answer to Monster's complaint and defendants' cross-complaint. The trial court ordered Monster to file a default package and set an order to show cause hearing. Several months after the hearing, the trial court entered default judgment on the complaint.[2] The record does not contain the default package or a transcript from the hearing.

On appeal, defendants argue that the trial court abused its discretion by issuing terminating sanctions. In their opening brief, defendants provide only three citations to the record, and those citations are to the entirety of Monster's motion for terminating sanctions, Monster's separate statement in support of that motion, and Monster's notice that defendants had not filed an opposition to that motion. Defendants do not provide any

---

[2]    Default judgment was also entered against Ramos. Ramos filed a separate notice of appeal. Her appeal was dismissed for failure to designate the record on appeal and for failure to file a correctly completed civil case information statement.

citations to the record to support any of their factual assertions about the nature of the underlying discovery dispute between the parties. For example, they claim that the underlying discovery dispute concerned Monster's request for documentation in "'native format'" from defendants' electronic devices. Defendants also claim that they disclosed to Monster that the electronic devices on which the documents were stored had been lost or destroyed before the litigation. Monster disputes that characterization of the discovery dispute. But defendants' entire argument about why "the draconian terminating sanctions were not well-founded" is based on the factual assertion that the electronic devices were allegedly either lost or destroyed. Defendants' failure to cite the record in support of that assertion precludes them from demonstrating error.

We presume that appealed judgments are correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant bears the burden of affirmatively demonstrating error and providing an adequate record on appeal. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) "Any reference in an appellate brief to matter in the record must be supported by a citation to the volume and page number of the record where that matter may be found. (Cal. Rules of Court, rule 8.204(a)(1)(C).) This rule applies to matter referenced at any point in the brief, not just in the statement of facts." (*Sky River LLC v. County of Kern* (2013) 214 Cal.App.4th 720, 741.)

4

Because of defendants' failure to cite the record, we consider their arguments forfeited. The arguments are forfeited for the additional reason that defendants did not oppose the motion for terminating sanctions (or the underlying motion to compel) in the trial court. Defendants' arguments about whether electronic devices were lost or destroyed and whether the documentary evidence that they allegedly produced satisfied Monster's discovery requests should have been made in the trial court. We do not consider arguments involving questions of fact that are made for the first time on appeal. (*Blankenship v. Allstate Ins. Co.* (2010) 186 Cal.App.4th 87, 105; *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 100-101.)

For these reasons, defendants have forfeited all of their arguments on appeal, and we must affirm the judgment.

DISPOSITION

The judgment is affirmed. Monster shall recover its costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

5